UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NANCY KANE,

                      Plaintiff,

v.                                                  3:18-CV-0074
                                                    (ML)

CITY OF ITHACA,

                      Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

NANCY KANE
  Plaintiff, *Pro Se*
2735 Slaterville Road
Brooktondale, New York 14817

CITY OF ITHACA,                           KRIN M. FLAHERTY, ESQ.
OFFICE OF THE CITY ATTORNEY
  Counsel for Defendant
108 East Green Street
Ithaca, New York 14850

MIROSLAV LOVRIC, United States Magistrate Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se*[1] civil rights employment action filed by Nancy Kane ("Plaintiff") against the City of Ithaca ("Defendant"), are (1) Defendant's post-judgment request for costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(a) of the Local Rules of Practice for this Court (Dkt. No. 47), and (2) Plaintiff's motion for leave to appeal *in forma*

---

[1] Plaintiff's "*pro se*" opposition was clearly prepared with the assistance of an attorney. *Netti v. New York*, 17-CV-0976, 2018 WL 6671555, at *6, n.5 (N.D.N.Y. Dec. 19, 2018) (Suddaby, C.J.) However, the Court still extends special solicitude Plaintiff and her opposition papers as a *pro se* litigant.

*pauperis*, pursuant to Fed. R. App. P. 24 (Dkt. No. 52). For the reasons set forth below, Defendant's request is granted in part and denied in part, and Plaintiff's motion is denied.

I. THE PARTIES' BRIEFING ON DEFENDANT'S REQUEST FOR COSTS

   A. Defendant's Request for Costs

Generally, in its timely request, Defendant argues that it incurred reasonable costs in the amount of one thousand six hundred sixty-two dollars ($1,662.00) before judgment was entered in its favor. (Dkt. No. 47.) Defendant argues that these costs were incurred paying the filing fee to remove this case to the United States District Court for the Northern District of New York and obtaining the deposition transcript of Plaintiff on February 22, 2019. (*Id.*) Defendant contends that the costs sought "were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. (*Id.* at 1.) Defendant does not seek attorney's fees.

   B. Plaintiff's Opposition

Generally, in response to Defendant's request, Plaintiff asserts five arguments against being taxed any costs: (1) there would be an element of injustice if the Court were to award costs to Defendant in this case because (a) Plaintiff has not been accused of any misconduct, instead this case is based on the misconduct of Defendant, (b) Plaintiff is financially unable to pay the costs sought by Defendant, (c) the costs incurred by Defendant were optional in that, Defendant did not have to remove this case to federal court and could have utilized interrogatories rather than a deposition, (d) the value of Defendant's "victory is minimal at best" and awarding "costs may be seen as a punitive measure that would not only castigate [] Plaintiff, but also deter anyone else in a similar situation from seeking legal redress of grievances," (e) the issues in this case "were close and difficult" and thus the Court should refuse to award costs, and (f)

2

Defendant is seeking costs with unclean hands by using false and misleading statements under oath; (2) the Americans with Disabilities Act ("ADA") provides courts with discretionary authority to award a private, prevailing party reasonable attorney's fees and costs, which means that the ADA, and not Fed. R. Civ. P. 54(d), govern requests for costs by prevailing parties in ADA-based litigation; (3) the *Christiansburg* standard applies to a request for costs and fees by a prevailing defendant in lawsuit brought under the ADA and Plaintiff's action was not frivolous, unreasonable, or groundless; (4) Plaintiff may not be liable for costs and fees because she did not act frivolously in litigating this lawsuit and the Court's denial of Defendant's motion to dismiss demonstrates that Plaintiff's complaint was not frivolous or groundless at the outset; and (5) Defendant's request for costs is not ripe for review because "Plaintiff is still considering pursuing an [a]ppeal." (Dkt. No. 49.)

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

A motion to proceed *in forma pauperis* on appeal must be made in the first instance to the district court. Fed. R. App. P. 24(a). An appeal may not be taken *in forma pauperis* if the district court certifies that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). The Second Circuit has instructed that,

> [g]enerally an application for leave to appeal *in forma pauperis* will have sufficient substance to warrant consideration only if, in addition to an adequate showing of indigence and of citizenship, it identifies with reasonable particularity the claimed errors which will be the basis for the appeal. If these requirements are satisfied, and if on consideration the trial judge is conscientiously "convinced that there is no substantial question for review and that an appeal will be futile," . . . or if he is convinced that there is no "reasonable basis" for the claims of alleged error, . . . it is the duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith.

*United States v. Farley*, 238 F.2d 575, 576 (2d Cir. 1956) (internal citations and quotation marks omitted); *see also* Fed. R. App. P. 24(a)(1). "'This threshold level for permitting persons to

proceed *in forma pauperis* is not very great and doubts about the substantiality of the issues presented should normally be resolved in the applicant's favor.'" *Bishop v. Henry Modell & Co.*, 08-CV-7541, 2010 WL 1790385, *1 (S.D.N.Y. May 4, 2010) (quoting *Miranda v. United States*, 458 F.2d 1179, 1181 (2d Cir. 1972)). "Nevertheless, 'good faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith.'" *Bishop*, 2010 WL 1790385, at *1 (quoting *Gomez v. United States*, 371 F. Supp. 1178, 1179 (S.D.N.Y. 1974)).

In the present matter, the Court finds that Plaintiff does not make an adequate showing of indigence. During the last twelve months, Plaintiff and her spouse earned on average a total monthly income of $9,140.42, which equates to annual income of approximately $109,685.04. (Dkt. No. 52 at 2.) While Plaintiff indicates that she and her spouse expect to earn less income next month ($7,421.44, which amounts to approximately $89,057.28 per year), her expected income still far exceeds indigency.

The United States Department of Health and Human Services publishes yearly Poverty Guidelines. Those guidelines reflect that, for 2020, the poverty threshold for a household of two[1] is $17,240.00. *See* United States Dep't of Health & Human Servs., https://aspe.hhs.gov/poverty-guidelines (last visited January 22, 2020).[2]

Based upon the information that Plaintiff has provided, the Court is unable to conclude that paying the fees associated with this appeal would impose a serious financial hardship upon her.

---

[1] Plaintiff's motion for leave to appeal IFP application states that there are no individuals who are dependent on her for support. (Dkt. No. 52 at 4.)

[2] The Poverty Guidelines do not specify whether they measure income before or after taxes. This distinction is irrelevant in this case.

Further, Plaintiff's application to proceed *in forma pauperis* does not include any of "the claimed errors which will be the basis for the appeal." *Farley*, 238 F.2d at 576; Fed. R. App. P. 24(a)(1). Rather, Plaintiff merely provides her current financial situation and states that her issues on appeal are "employment discrimination under ADA and Title VII Gender discrimination." (Dkt. No. 52.) Further, in her notice of appeal, Plaintiff simply indicates that she is appealing "(from the final judgment) (from an order (describing it)) entered in this action on the 22nd day of November, [] 2019." (Dkt. No. 50 at 1.) Given that Plaintiff has failed to present any specific ground for appeal, there is no basis for the Court to grant her application to appeal *in forma pauperis*. *See DiFillippo v. Special Metals Corporation*, 13-CV-0215, 2016 WL 11608375, at *1 (N.D.N.Y. Oct. 13, 2016) (D'Agostino, J.) (denying the plaintiff's motion for leave to proceed on appeal *in forma pauperis* where the plaintiff's application and notice of appeal failed to present any specific ground for appeal); *In re Nassau County Strip Search Cases*, No. 99-cv-2844, 2010 WL 4021813, *2 (E.D.N.Y. Sept. 29, 2010) (same). Based on the foregoing, the Court certifies that any appeal would not be taken in good faith and, therefore, the request to proceed *in forma pauperis* on appeal is denied.

Further requests to proceed *in forma pauperis* should be directed to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### III. LEGAL STANDARD GOVERNING A MOTION FOR COSTS

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." The costs a prevailing party may recover include fees for transcripts

5

necessarily obtained for use in the case, and fees for copies necessarily obtained for use in the case. 28 U.S.C. § 1920.

Where a bill of cost is challenged, "[a] district court reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question [it]self.'" *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)), *abrogated by Bruce v. Samuels*, 136 S. Ct. 627 (2016). In exercising this discretion however, it must be recognized that a cost "award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270 (citing *Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984)). Thus, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of . . . the losing party's limited financial resources." (*Id.*) (citations omitted). By extension, "the party asserting a lack of funds must demonstrate his indigency." *McGuigan v. CAE Link Corp*, 155 F.R.D 31, 34 (N.D.N.Y. 1994) (McAvoy, C.J.). Though the losing party's financial resources may be considered, "indigency *per se* does not preclude an award of costs against an unsuccessful litigant[.]" *Whitfield* 241 F.3d at 270.

## IV. ANALYSIS

After carefully considering the matter, the Court finds that Defendant is entitled to most of the costs it requested in its requesting papers. (Dkt. No. 47 [Def.'s Mot. for Bill of Costs].) *See also, supra,* Part I of this Decision and Order.

### A. The Imposition of Costs

First, Plaintiff has not provided sufficient facts or evidence of financial hardship to warrant discretionary relief. *See, supra,* Point II. Plaintiff has been employed and continued to be employed at the time of her response. Plaintiff failed to provide any specific information

about the extent of time, if any, that she was out of work. As a result, the Court finds that Plaintiff has not met her burden to establish that she is entitled to an exception to the normal rule of taxation. *See Niedziejko v. Delaware & Hudson Ry. Co., Inc.*, 18-CV-0675, 2019 WL 2754483, at *2 (N.D.N.Y. July 2, 2019) (Suddaby, C.J.) (granting costs where the plaintiff failed to "provide[] sufficient facts or evidence of financial hardship to warrant discretionary relief."). Moreover, even if the Court were to assume that the amount sought by Defendant would represent some degree of financial hardship for Plaintiff, the Court is not obliged to deny costs on this basis alone. *Castro v. City of New York*, 10-CV-4898, 2014 WL 4659293, at *3 (E.D.N.Y. Sept. 17, 2014) (*see, e.g., Burchette v. Abercrombie & Fitch Stores, Inc.*, 08-CV-8786, 2010 WL 3720834, at *5 (S.D.N.Y. Sept. 22, 2010) (notwithstanding its acceptance of the plaintiff's "modest financial circumstances," the court refused to deny the defendants' recovery of more than $2,000 in costs)).

Second, the Court is not persuaded by Plaintiff's argument against the imposition of costs because Defendant has not shown that this action was "frivolous, unreasonable, or groundless." "[I]t is neither [D]efendant['s] burden to make such a showing, nor is the standard cited by [] [P]laintiff relevant to an application for costs." *Castro*, 2014 WL 4659293, at *2. The cases cited by Plaintiff are "wholly inapposite, as each one of them relates, specifically, to attorney's fees, and not to taxable costs." *Castro*, 2014 WL 4659293, at *2 (citing *Christiansburg Garment Co v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 417 (1978) (discussing the applicable standard for an *attorney's fee award* to prevailing defendant in a Title VII action)); *see, e.g., Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 110 (2d Cir. 2001) (discussing the applicable standard for an *attorney's fee award* to prevailing defendant in an action pursuant to the ADA); *No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (5th Cir. 2001) (same); *Riddle*

7

*v. Egensperger*, 266 F.3d 542, 547-48 (6th Cir. 2001) (discussing applicable standard for *an attorney's fee award* to prevailing defendant in a civil rights case); *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951 (11th Cir. 1999) (discussing the applicable standard for an *attorney's fee award* to prevailing defendant in an action pursuant to the ADA); *Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 11 (1st Cir. 1999) (same); *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 432-33 (6th Cir. 1995) (discussing the applicable standard for an *attorney's fee award* to prevailing defendant in a Title VII action); *Tarter v. Raybuck*, 742 F.2d 977, 987 (6th Cir. 1984) (discussing the applicable standard for an *attorney's fee award* pursuant to 42 U.S.C. § 1988); *Gilmer v. City of Cleveland*, 617 F. Supp. 985, 987-88 (N.D. Ohio 1985) (same). Further, the Second Circuit "has expressly declined to apply the 'frivolous, unreasonable, or groundless' standard to an application for costs by a prevailing defendant in a Title VII action." *Castro*, 2014 WL 4659293, at *2 (citing *Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 101-02 (2d Cir. 1999)). Moreover, "good faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs." *Whitfield*, 241 F.3d at 272-73; *see also Commer v. McEntee*, 00-CV-7913, 2007 WL 2327065, at *3 (S.D.N.Y. Aug. 13, 2007) ("Whether an unsuccessful litigation was prosecuted in good faith is irrelevant, however, to whether costs should be awarded to a prevailing party."). Therefore, the Court finds that Plaintiff's arguments relating to frivolity and good faith are unavailing.[2]

---

[2] To the extent that Plaintiff further argues that an award of costs taxed against an unsuccessful civil rights plaintiff would deter such plaintiffs from prosecuting civil rights violations, this argument is also rejected. *Castro*, 2014 WL 4659293, at *3 n.4 (*see, e.g., Karmel v. City of New York*, 00-CV-9063, 2008 WL 216929, at *2 (S.D.N.Y. Jan. 9, 2008) ("[T]here is no per se rule prohibiting taxing costs upon unsuccessful civil rights Plaintiffs."); *see also Wray v. City of New York*, 01-CV-4837, 2007 WL 2908066, at *1 (E.D.N.Y. Oct. 4, 2007) ("Moreover, Congress has not sought to exclude civil rights cases from the reach of Rule 54(d)(1). It is thus not too much to ask any litigant, whether in a civil rights case or otherwise to appreciate his

Third, Federal Rules of Civil Procedure Rule 54(d)(1) permits taxable costs "[u]nless a federal statute, these rules, or a court order provides otherwise." These limitations are inapplicable here. *See Castro*, 2014 WL 4659293, at *5 (granting taxable costs after the court dismissed the plaintiff's claims pursuant to the ADA on a motion for summary judgment); *see also Cosgrove*, 191 F.3d at 101-02 (finding that taxing costs pursuant to Fed. R. Civ. P. 54(d) to a prevailing party in a case brought pursuant to Title VII is committed to the sound discretion of the district court).

Fourth, in the Northern District of New York, an appeal does not stay a motion for a bill of costs or the timeframe within which the prevailing party may seek costs. *Compare* N.D.N.Y. L.R. 54.1(a) *and* W.D.N.Y. L.R. 54.1(f), *with* S.D.N.Y. L.R. 54.1(a) *and* E.D.N.Y. L.R. 54.1(a); *see also Nicholson v. Fischer*, 13-CV-6072, 2018 WL 6616333, at *1-2 (W.D.N.Y. Dec. 18, 2018) (deciding the defendants' motion for costs despite the plaintiff's later filed notice of appeal).[3] Here, Plaintiff has failed to demonstrate good cause for delaying Defendant's motion for costs while "Plaintiff [] still consider[s] pursuing an [a]ppeal." *Equal Emp't Opportunity Comm'n v. Allied Sys., Inc.*, 97-CV-1396, 1999 WL 395377, at *1 (N.D.N.Y. June 9, 1999) (McAvoy, C.J.) (finding that the "plaintiff fail[ed] to demonstrate good reason for the Court to exercise its discretion to delay an award of costs pending an appeal.").

---

possible exposure for a relatively small amount of costs in making the decision whether to commence litigation in a federal court.")).

[3] The Local Guidelines specifically state, "[u]nless otherwise ordered by the District Court, or the Circuit Court of Appeals pursuant to [Fed. R. App. P.] 8, the filing of an appeal shall not stay the taxation of costs, entry of judgment thereon, or the judgment." Local Guideline I.F.2.

B.     **The Nature and Amount of Costs Sought**

Costs to be awarded pursuant to Fed. R. Civ. P. 54(d), are defined by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987).

1.     **Filing Fee**

Among the items listed in 28 U.S.C. § 1920(1) as taxable costs are "fees of the clerk and marshal," which include the filing fee for a complaint. Local Guideline II.B.a. While filing fees are recoverable, the Second Circuit has not squarely addressed whether removal filing fees are recoverable as "fees of the clerk." However, several district courts have considered this issue and this Court agrees that removal fees can be taxed to the losing party. *Rodriguez v. City of Chicago*, 18-CV-0372, 2019 WL 5184079, at *2 (N.D. Ill. Oct. 15, 2019) (collecting cases) (holding, in agreement with other district courts in the Seventh Circuit, that the defendants are entitled to the $400.00 removal fee that they paid); *Romero v. Regions Fin. Corp./Regions Bank*, 18-CV-22126, 2019 WL 5212614, at *3 (S.D. Fla. Oct. 9, 2019) ("The $400.00 filing fees for removal of the action to federal court may be awarded under 28 U.S.C. § 1920(1)); *Pogue v. Northwestern Mut. Life Ins. Co.*, 14-CV-0598, 2019 WL 2814643, at *4 (W.D. Ky. July 2, 2019) ("This Court finds that a removal filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs."); *Robinson v. Kia Motors America, Inc.*, 10-CV-3187, 2016 WL 4474505, at *2 (E.D. Cal. Aug. 25, 2016) (awarding filing fees related to removal of the action to federal court).

2.     **Deposition Transcript of Plaintiff**

Also, 28 U.S.C. § 1920(2) lists "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" as a taxable cost. The deposition transcript of a party to the case and court reporter fees for attendance at that deposition, are considered taxable costs pursuant to 28 U.S.C. § 1920(2). Local Guideline II.D.1.c; Local Guideline II.D.1.h.

"Court reporter fees should be reasonable, and as a guide, the Court takes into account the existing maximum rates for transcript fees for official court reporters as set by the Judicial Conference of the United States and adopted by this Court." Local Guideline II.D.1.Note 2. The District's Official Court Reporters' maximum rate for ordinary (thirty-day) transcript is three dollars and sixty-five cents ($3.65) per page. Defendant has not set forth any basis for the increased rate charged (Defendant requests a rate of $4.00 per page). As a result, Defendant will be reimbursed one-thousand fifty-one dollars and twenty-cents ($1,051.20) for the deposition transcript of Plaintiff (calculated by the rate of $3.65 per page and 288 pages). The Court exercises its discretion to award such a reduction, as it has previously done with regard to excessive fees. *Niedziejko*, 2019 WL 2754483, at *3 (the court exercised its discretion to reduce the expedited transcript fee from $7.46 per page to the District's Official Court Reporters' maximum rate for next day service of $6.05 per page); *Hofler v. Family of Woodstock, Inc.*, 07-CV-1055, 2012 WL 527668, at *8 (N.D.N.Y. Feb. 17, 2012) (McAvoy, J.) (reducing expedited transcript fees to an ordinary rate commensurate with a "more frugal and reasonable procedure" of acquiring the transcript); *Meacham v. Knolls Atomic Power Lab.*, 185 F. Supp. 2d 193, 244 (N.D.N.Y. 2002) (Homer, M.J.) (reducing the taxation of photocopying expenses due to a lack of justification for the rate charged), *vacated on other grounds*, 461 F.3d 134 (2d Cir. 2006); *Hogan v. Gen. Elec. Co.*, 144 F. Supp. 2d 138, 144 (N.D.N.Y. 2001) (Hurd, J.) (reducing the taxation of photocopying expenses merely because the rate charged was excessive).

### 3. Shipping of Transcript

Court reporter postage or delivery charges for a transcript are not taxable. Local Guideline II.D.2.d. As a result, the shipping fee of ten dollars ($10.00) that was included in Defendant's bill of costs request will not be taxed.

Thus, the total Bill of Costs is reduced to one thousand five hundred fifty-one dollars and twenty cents ($1,551.20) (calculated by the $400 filing removal fee, $1,051.20 fee for Plaintiff's deposition transcript, and $100 for the court reporter's full day appearance for Plaintiff's deposition).

**ACCORDINGLY**, it is

**ORDERED** that Defendant's post-judgment request for costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(a) of the Local Rules of Practice for this Court (Dkt. No. 47) is **GRANTED in part and DENIED in part**, such that costs are awarded to Defendant from Plaintiff in the amount of **ONE THOUSAND FIVE HUNDRED FIFTY-ONE DOLLARS AND TWENTY CENTS ($1,551.20)**; and it is further

**ORDERED** that Plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 52) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Decision and Order and on the docket of this case and serve a copy upon the parties in accordance with the local rules.[4]

Dated: January 22, 2020
       Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).